**MIN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KEVIN FORTEM FOFANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-2322-HE |
| | ) | |
| FRED FIGUEROA, Warden, Diamondback Correctional Facility, in his official capacity, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Kevin Fortem Fofang, a native and citizen of Cameroon, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement. He is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma.

In his petition, petitioner asserts his detention violates the Immigration and Nationality Act and implementing regulations (Counts I and II) and the Fifth Amendment Due Process Clause (Counts I and II), the Immigration and Nationality Act (Count III), and the Administrative Procedure Act (Counts III and IV). As part of his relief, petitioner requests an immediate bond hearing pursuant to 8 U.S.C. § 1226(a) or his immediate release from custody under reasonable conditions of supervision if respondents fail to provide a bond hearing within a reasonable period of time.

As ordered, the federal respondents have responded to the petition. While not waiving appellate review or making any concessions, the federal respondent acknowledges

the Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) and that it directs a bond hearing under the circumstances presented in this case. They request any order be limited to ordering a prompt bond hearing pursuant to 8 U.S.C. § 1226(a) or else release him.

Upon review, the court agrees that the Santillan Quiroz decision controls. The court concludes petitioner's detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), and petitioner is entitled to a bond hearing pursuant to § 1226(a). The court will grant the petition in part,[1] and will order respondents to provide petitioner with a bond hearing pursuant to § 1226(a) within seven (7) days or otherwise release him if no hearing is held within that time.[2]

Accordingly, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part**. The petition is granted as to Count I to the extent that petitioner seeks habeas relief as being detained without a bond hearing in violation of the Immigration and Nationality Act. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

---

[1] *Given the court's ruling, the court need not address petitioner's alleged claims under the Immigration and Nationality Act's implementing regulations (Count II) and the Fifth Amendment Due Process Clause claims (Count II and III). Those claims will be dismissed without prejudice.*

[2]*See Santillan Quiroz, 180 F.4th at 1251 n. 13 ("Because [petitioner] can properly be subject to detention under § 1226(a), [], the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.")*

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) days** of the court's order.

Counts II, III and IV of the petition are **DISMISSED WITHOUT PREJUDICE**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 29th day of September, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE